**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 16-CV-01473 (ESH) |
| DYNCORP INTERNATIONAL LLC, | ) |
| Defendant. | ) |

**STATEMENT OF THE CASE**

Pursuant to the Court's Scheduling Order of May 19, 2017, counsel for Plaintiff United States of America and Defendant DynCorp International LLC ("DI") respectfully submit their respective statements of the case.

Plaintiff's Statement of the Case:

As detailed in the United States' Complaint, this is an action under the False Claims Act (FCA), 31 U.S.C. §§ 3729-3733, to recover losses sustained by the United States as a result of false and fraudulent statements and claims submitted by DynCorp International, LLC (DynCorp) under the CIVPOL contract (CIVPOL) with the Department of State (DOS) to train and equip a new civilian police force in Iraq. The government alleges that DynCorp overcharged DOS in its billing for services in Iraq. Specifically, DynCorp made false statements and omitted material information about the rates that it charged.

The DOS awarded DynCorp the CIVPOL Iraq contract in 2004. (Compl. at ¶¶ 32-37, ECF No. 1.) The contract required DynCorp to provide lodging, security, transportation, and other services to support the Iraqi civilian police force. (*Id.*) DynCorp subcontracted many of its

CIVPOL obligations to Corporate Bank Financial Services, Inc. (Corporate Bank), including requirements to provide local national security guards, drivers, translators and lodging accommodations for DynCorp and DOS employees working in Iraq.  (*Id*. at ¶ 2.)  The government alleges that "DynCorp knew that the rates provided by Corporate Bank . . . for hotel facilities and local national security guards, drivers, interpreters, and managers were unreasonable." (*Id*. at ¶ 4.)   Nonetheless, DynCorp accepted these rates and then used them in its proposals and negotiations with the DOS.  (*Id*. at ¶ 5.)   DynCorp did not, however, disclose to the DOS information known to DynCorp that the rates were uncompetitive, exorbitant, and unsubstantiated.  (*Id*. at ¶¶ 4-6.)   By misrepresenting and omitting information reflecting the true nature and bases of Corporate Bank's rates, DynCorp skewed price negotiations with the DOS and caused the DOS to agree to higher contract prices than it otherwise would have.  (*Id*. at ¶ 6).  DynCorp knowingly made material false statements and key omissions about the unreasonable rates, and DynCorp subsequently submitted vouchers seeking payment based on the same unreasonable rates.  (*Id*. at ¶ 5.)

For example, DynCorp knew that its hotel rates were overpriced and not competitive with market rates in Baghdad.  (*Id*. at ¶ 58.)   Nonetheless, DynCorp charged the DOS the rates that Corporate Bank claimed for the hotels, without disclosing that they were non-competitive.  (*Id*. at ¶¶ 52, 55, 59.)  Moreover, DynCorp failed to obtain supporting documentation such as leases from Corporate Bank.  (*Id*. at ¶ 61.)  In addition, DynCorp knowingly made material false statements and key omissions about unreasonable labor rates that distorted its negotiations with the DOS. *(Id*. at ¶ 64.)  Finally, DynCorp accepted a falsely inflated general and administrative (G&A) rate for Corporate Bank that resulted in DynCorp charging even more unjustified and inflated charges under the CIVPOL contract.  (*Id*. at ¶ 95.)

The Complaint asserts claims for DynCorp's violations of the False Claims Act, as well as common law causes of action for unjust enrichment, payment by mistake, and breach of contract. The Court's ruling on May 19, 2017, confirmed that the United States adequately pled False Claims Act claims, that those counts were not clearly barred or limited by the statute of limitations, that the unjust enrichment and payment by mistake counts can proceed for a portion of the asserted conduct, and that the Court properly exercises jurisdiction over the government's breach of contract count.

Many of DynCorp's defensive arguments were raised in its motion to dismiss and rejected by the Court. DynCorp's Answer to the Complaint is not due until July 5, 2017. At this juncture, the United States does not know specifically which, if any, factual allegations DynCorp will dispute. The government similarly cannot comment upon any affirmative defenses or additional legal arguments that DynCorp may assert.

<u>Defendant's Statement of the Case</u>:

This is a False Claims Act ("FCA") case in which the Government improperly seeks to penalize DI with treble damages for the allegedly unreasonable charges of its subcontractor, Corporate Bank Financial Services ("Corporate Bank"), under a State Department Civilian Police ("CIVPOL") contract for the training of a police force in Iraq during the period from 2004 to 2008. The charges in question pertain to the amounts paid for Corporate Bank-supplied Iraqi security guards, drivers, and translators; for Corporate Bank-supplied lodging in fortified hotels in and around Baghdad; and for Corporate Bank's general and administrative expenses. The Government does not contend that DI or its subcontractor failed to provide the local national labor and lodging for which the Government was charged or that there were any deficiencies in DI's or Corporate Bank's performance. Rather, the Government alleges that the charges amount

to false claims because they were too high and, thus, DI should have somehow been able to obtain better rates with Corporate Bank or found another vendor at the height of the U.S. military action against the counter-insurgency, when qualified Iraqi companies were in short supply.

DI submits and the evidence will prove that the Government's allegations amount, at most, to alleged breaches of the CIVPOL contract, not false claims.  Not only is FCA liability inappropriate for such contract disputes, but the Government already has completed the audit and contract administration process for resolving disputes about the Corporate Bank charges, and the Contracting Officer chose years ago to accept the Corporate Bank charges that the Government now attempts to frame as false claims.  Under such circumstances, the Government cannot prove the materiality, falsity, and scienter requirements for false claims which were reaffirmed by the Supreme Court's recent *Escobar* decision.

In its ruling on DI's Motion to Dismiss, the Court allowed most of the Government's case to proceed into discovery, but recognized that the FCA claims could only be successful if the Government proved that the Corporate Bank cost-reimbursement charges were "significantly higher than reasonable" under the conditions then existing in the Iraqi war theater, or, for Corporate Bank's fixed-price charges, if the Government proved that it was fraudulently induced to accept the rates in DI's proposals for these charges.  This the Government cannot do.  Indeed, the Government's apparent evidence, as framed in the Complaint, is limited to isolated internal DI communications where employees speculated that the Corporate Bank charges were too high. Wholly absent from the Government's case is any allegation that DI actually paid more than the market rates for labor and lodging in Iraq, even though the Government must be familiar with those market rates because it was then the largest foreign consumer, both directly and indirectly through prime contractors, of local national labor and lodging.  The Government steadfastly

refused to provide the evidence it possesses regarding these market rates before filing its Complaint, effectively acknowledging, as DI will demonstrate through discovery, that there were no viable lower-cost alternatives to which DI could safely turn to assemble a thoroughly vetted and reliable local national force and no lower-cost hotels outside of the militarily-secured Green Zone that could be restricted to contract employees and heavily fortified against constant insurgent attacks, a number of which tragically claimed the lives of both Corporate Bank and DI employees.  While the Government now refuses to recognize nearly a decade later these realities of the market in which DI operated, those market conditions convinced the State Department's Contracting Officers to approve in real time the supposedly unreasonable charges now challenged in this case.

       The Government's claims are also flawed by its misunderstanding of the structure of DI's contract, including its obligations with respect to its price proposals and Corporate Bank's charges.  The Court recently recognized in its Opinion on DI's Motion to Dismiss that DI had no contractual duty to scrutinize the Corporate Bank charges that were billed under fixed-price contract line items for reasonableness, and, thus, the Government's implied certification theory of falsity with respect to these charges fails.  DI expects the facts to show that the Government similarly misunderstands other aspects of the DI proposals and public vouchers that it cites and, therefore, cannot show that the charges it challenges were false claims.  DI expects to demonstrate, for example, that the Government has failed to account for adjustments made during the definitization process, when proposed prices were trued up to actual costs.

       As with the FCA counts, the evidence will also demonstrate that DI is not liable for any damages or penalties under the Government's alternative theories for unjust enrichment, payment by mistake, or breach of contract.

Finally, the evidence will demonstrate that a significant portion of the claims the Government's purports to make are barred by the applicable statute of limitations. DI will necessarily be seeking discovery from and depositions of DOJ counsel regarding their knowledge of the claims in this case, since the Government has made the timing of such knowledge directly relevant to the statute of limitations issues.

Respectfully submitted this 16th day of June, 2017.

CHAD A. READLER
Acting Assistant Attorney General

CHANNING D. PHILLIPS, DC BAR No. 415793
United States Attorney for the District of Columbia

DANIEL F. VAN HORN, DC BAR No. 924092
Civil Chief, District of Columbia

JENNIFER A. SHORT, DC Bar No. 456884
Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530
Tel: (202) 252-2529
Fax: (202) 252-2599

/s/ Michael D. Granston
MICHAEL D. GRANSTON
MICHAL TINGLE
ELIZABETH RINALDO
BENJAMIN YOUNG
Attorneys, United States Department of Justice
Civil Division
Ben Franklin Station
PO Box 261
Washington, DC 20044
Tel: (202) 616-0291
Fax: (202) 514-7361
*Counsel for the United States of America*

/s/ David M. Nadler
David M. Nadler (Bar No. 402705)
Steven J. Roman (Bar No. 392959)
BLANK ROME LLP
1825 Eye Street, NW
Washington, DC 20006-5403
Tel: (202) 420-2200
Fax: (202) 420-2201
DNadler@BlankRome.com
SRoman@BlankRome.com

*Counsel for DynCorp International LLC*