IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  16-cv-1473 (ESH) |
| ) | |
| DYNCORP INTERNATIONAL, LLC ) | |
| ) | |
| Defendant. ) | |
| ) | |

**STIPULATED ORDER GOVERNING INADVERTENT
DISCLOSURE OF PRIVILEGED MATERIAL**

The United States and DynCorp International, LLC, as the Parties to this action, recognize that each Party (and potentially third parties) may be obligated to review and disclose large quantities of information and documents through the discovery process.  As a result, the Parties recognize that materials subject to a privilege or other legally recognized protection, and thus not subject to disclosure in discovery, might be produced inadvertently.  The Parties further recognize the need to protect the Parties and third parties from inadvertent waivers of privilege or protection while allowing discovery in this action to proceed in an expeditious and efficient manner.  The Parties have agreed, stipulated to, and asked for the following protections, and it is now hereby ORDERED that:

1.	The term "document" as used in this Order, includes all items listed in Federal Rule of Civil Procedure 34(a)(1)(A) & (B).

2.	This Order applies to the attorney-client privilege and work-product protections, as well as all other protections afforded by Federal Rule of Civil Procedure 26(b), and Governmental privileges.

3. This Order applies to all documents made available for review or produced in any manner during this litigation

   a. From a Party, a third party, or a contractor to a Party or a third party ("Producing Party");

   b. To another Party or Parties ("Receiving Party").

4. The inadvertent production of any privileged document or of any document or information subject to the work product protection, shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502 and shall not be deemed a waiver of such privilege or protection, or otherwise affect any Party's right to seek return of any inadvertently produced document.  This Order further clarifies that the protections of Rule 26(b)(5)(B) and Rule 502 extend to third parties producing information as part of this action.

5. If a document production includes a document(s) that could have been withheld from production, in whole or in part, on the basis of an absolute or qualified privilege or some other protection, the production of all or part of the document(s) shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding.

6. If a Producing Party determines that it has inadvertently produced a document(s) that is privileged or subject to the work product protection, the Producing Party shall provide written notice requesting that the Receiving Party return, delete, and/or destroy the document(s) in question within five (5) days.  This notice shall be served upon counsel of record for both Parties, and shall contain information sufficient to (1) identify the document(s), either by Bates number or sufficient information to locate the document(s) within the materials produced; (2) identify the

privilege or protection asserted; and (3) explain the basis for the invocation of the privilege or protection.

7. After receiving a notice of inadvertent production from the Producing Party, the Receiving Party shall return, delete, and/or destroy all copies of the inadvertently produced document(s) and delete or destroy any copies, notes, or summaries of said document(s) within five (5) days of receipt of the notice. Moreover, the Receiving Party may not use or disclose the document or information identified by the Producing Party until the privilege claim is resolved.

8. If the Receiving Party seeks to challenge the privileged or protected nature of the document(s), the Receiving Party must still return, delete, or destroy the document(s) and sequester all notes taken or summaries prepared about the document within five (5) days, but may then file a motion to seek re-production of the document(s). In this motion and in any further briefing, the Receiving Party must not publicly disclose the information claimed to be privileged. Instead, the Receiving Party may present the information to the Court *in camera* and under seal for a determination of the privilege claim and any party in possession of the information must preserve the information until the privilege claim is resolved. Any such motion must be filed within thirty (30) days from the receipt of the notice. The Producing Party may file a response under seal within fourteen (14) days of the motion. The burden of proving the privilege claim belongs to the Producing Party. The Producing Party must preserve the specified document or information until the privileged claim is resolved.

9. Pending resolution of the motion for re-production, the Parties shall refrain from using the challenged information contained in the document for any purpose and shall not disclose such information to any person other than those required by law to be served with a copy of the sealed motion. If a document is determined to be privileged or otherwise protected by the Court, the Receiving Party must delete or destroy any notes or summaries prepared about the document.

3

10. If a Party who received documents over which a privilege or protection is asserted has disclosed such documents or information to any person or in any circumstance, the Receiving Party must immediately: (a) notify, in writing, the Producing Party of the disclosure; (b) use its best efforts to retrieve all copies of the documents or information over which the privilege is asserted; and (c) notify, in writing, the Producing Party regarding whether all copies have been retrieved.

11. Nothing in this Order shall prohibit the Parties from withholding from review and production any document covered by any privilege or other protection properly claimed.

12. The obligation of the Receiving Party to return or destroy materials under this Order does not apply to disaster recovery systems maintained by the United States Department of Justice or by counsel to the other Parties to this litigation. However, if such disaster recovery systems are accessed or restored, then any privileged materials on those systems relating to this case shall be destroyed if destruction is required elsewhere in this Order.

13. If any Party has cause to believe that a violation of this Order has occurred or is about to Occur, it shall have the right to petition this Court for appropriate relief.

14. Any Party may seek modification of this order at any time, but this Order shall survive the final termination of this case and shall apply to retained documents (if any) and the contents thereof.

15. Pursuant to Federal Rule of Evidence 502(e), this Order shall be binding not only upon the Parties but also on any third parties, whether in federal or state proceedings.

SO ORDERED this _____ day of _____, 2017.

_____
Hon. Ellen Segal Huvelle
United States District Court Judge

The foregoing **Stipulated Order Governing Inadvertent Disclosure of Privileged Material** is respectfully submitted by:

| | |
|---|---|
| CHAD A. READLER<br>Acting Assistant Attorney General<br><br>CHANNING D. PHILLIPS<br>D.C. BAR # 415793<br>United States Attorney for the District of Columbia<br><br>DANIEL F. VAN HORN<br>D.C. BAR # 924092<br>Civil Chief, District of Columbia<br><br>/s/ Jennifer A. Short<br>JENNIFER A. SHORT, D.C. Bar # 456884<br>Assistant United States Attorney<br>555 Fourth Street, NW<br>Washington, DC  20530<br>Tel: (202) 252-2529<br>Fax: (202) 252-2599<br><br>MICHAEL D. GRANSTON<br>MICHAL TINGLE<br>ELIZABETH RINALDO<br>BENJAMIN YOUNG<br>Attorneys, United States Department of Justice<br>Civil Division<br>Ben Franklin Station<br>PO Box 261<br>Washington, DC 20044<br>Tel:  (202) 616-0291<br>Fax: (202) 514-7361<br><br>*Attorneys for the United States of America* | /s/ David M. Nadler<br>David M. Nadler (Bar No. 402705)<br>BLANK ROME LLP<br>1825 Eye Street, NW<br>Washington, D.C. 20006-5403<br>Tel: (202) 420-2200<br>Fax: (202) 420-2201<br>DNadler@BlankRome.com<br><br>*Attorneys for Defendant DynCorp International, LLC* |

Dated: June 20, 2017